UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STELLA MAVROGIANNL SIOMKOS,

                              Plaintiff,

                -against-                                        24-CV-10074 (LTS)

FATIMA ZOHRA NOUINOU; DANIEL EMIR                            ORDER OF DISMISSAL
NOUINOU,                                                    WITH LEAVE TO REPLEAD

                              Defendant.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question

jurisdiction, 28 U.S.C. § 1331. By order dated January 8, 2025, the Court granted Plaintiff's

request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons

set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, with

30 days' leave to replead.

                              **STANDARD OF REVIEW**

        The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.

*See* Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

## BACKGROUND

Plaintiff Stella Simokos alleges the following facts. She is 70 years old and has worked as

a realtor. Plaintiff met Defendant Fatima Nouinou ("Fatima") in June 2023, at the "Civil Court,"

and befriended her. Fatima told Plaintiff that she had lost her job at the United Nations, that she

had undergone a serious operation, and that her "bank account was frozen." (ECF 1 at 6.) Fatima

told Plaintiff that she needed a loan of $2,150 to pay the fees required to become employed as a

police officer and promised to repay the money in July 2023. Plaintiff loaned Fatima the money.

(*Id.*)

In July 2023, Fatima did not repay the loan and instead asked Plaintiff for more money,

which Plaintiff refused to provide. Fatima then falsely claimed that Plaintiff owed her money for

"coaching" work that Fatima had allegedly performed.

Plaintiff filed suit in state court seeking the return of the money that she had loaned

Fatima. Thereafter, Fatima sent letters to Plaintiff's condominium board, real estate group, and

others making negative and false claims about Plaintiff. Plaintiff sought an order of protection.

Fatima and her partner, Defendant Daniel Nouinou, then filed "multiple baseless motions and

lawsuits" against Plaintiff. (*Id.* at 7.) Fatima has now filed more than "100 motions and appeals"

in those matters. (*Id.*) Fatima also allegedly threatened Plaintiff's physical safety. (*Id.* at 70.)

Plaintiff's complaint totals 389 pages, many of which are exhibits reflecting the state

court lawsuits, communications between the parties, and letters from Fatima to Plaintiff's

condominium board, realty group, and others. Plaintiff sues Defendants Fatima Nouinou and

Daniel Nouinou.[1] She asserts claims against Defendants for alleged violations of her rights to "Due Process under the Fifth and Fourteenth Amendments" to the U.S. Constitution, and she seeks "protection from fraud, extortion, and aggr[avated] harassment." (*Id.* at 2.) She invokes unspecified "federal statutes" and contends that Defendants have engaged in the "weaponization of justice." (*Id.*) Plaintiff seeks a "permanent protective order," $50,000 in money damages from each defendant, a criminal investigation, an investigation into Defendants' immigration status, and asks that the complaint be sealed. (*Id.* at 11.)

**DISCUSSION**

A.    **Request to Seal Complaint**

Both the common law and the First Amendment protect the public's right of access to court documents, but this right is not absolute. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). The United States Court of Appeals for the Second Circuit has set forth a three-part analysis for determining whether a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006).

First, the Court must determine whether the document at issue is indeed a "judicial document," to which the public has a presumptive right of access. *Id.* at 119. Complaints are considered judicial documents for the purpose of this analysis. *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (all pleadings, including a complaint, "are judicial records subject to a presumption of public access").

---

[1] Plaintiff lists several "aliases" for Daniel Nouinou. She lists his name as "alias Mohamed Samir, Amir Daniel emir Nouinou." (ECF 1 at 4.)

Second, the Court must determine the weight of the presumption of access. "It is plain that a complaint is a judicial document to which the presumption of access attaches . . . because the complaint 'is highly relevant to the exercise of Article III judicial power' and the complaint 'invokes the powers of the court, states the causes of action, and prays for relief.'" *Haider v. Geller & Co. LLC*, 457 F. Supp. 3d 424, 427 (S.D.N.Y. 2020) (quoting *Bernstein*, 814 F.3d at 142). "[S]uch access allows the public to 'understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern.'" *Id.* (quoting *Bernstein*, 814 F.3d at 141).

Third, "the court must balance competing considerations against" the presumption of access. *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to . . . the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted). Generally, the privacy interests considered are those of innocent third parties. *See United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995). The fact that a document has been publicly available weighs against restricting public access to it. *See, e.g.*, *United States v. Basciano*, Nos. 03-CR-0929, 05-CR-0060, 2010 WL 1685810, at *3-4 (E.D.N.Y. Apr. 23, 2010) (holding that the privacy interest in sealing documents was weakened by the fact that the public was already aware of the relevant information).

Here, Plaintiff seeks to restrict access to the complaint, a judicial document to which a presumption of access applies. Plaintiff did not file the complaint with a separate motion to seal, and it was opened on the Court's docket with unrestricted access. Plaintiff's request to seal this action is included in her request for relief, and her asserted reason for seeking to seal the complaint is "to prevent tampering, alteration, or unauthorized access." (ECF 1 at 11.) It is

4

unclear what specific concerns Plaintiff has about "tampering" with her complaint or who might do so. Plaintiff's arguments do not provide a sufficient basis for sealing her complaint, and Plaintiff's request to seal it is therefore denied.

**B.    Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

**1.    Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).  Merely invoking federal jurisdiction, without pleading any facts demonstrating a federal law claim, does not

create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff invokes the Fifth and Fourteenth Amendments to the United States Constitution. Generally, "the United States Constitution regulates only the Government, not private parties." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). A claim for a violation of constitutional rights can be brought against a "state actor," that is, an individual acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Because Defendants are private parties not alleged to have been acting under color of state law, Plaintiff cannot state a claim against Defendants for violating her rights arising under the Fifth and Fourteenth Amendments to the U.S. Constitution. Plaintiff also refers generally to "elder abuse under federal statutes," but there is no immediately obvious federal law to which she might be referring.[2] Thus, although Plaintiff has invoked federal law, the complaint does not state a claim arising under federal law.

### 2.    Diversity Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Section 1332 treats "citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States" as citizens of the state in which they are domiciled. 28 U.S.C. § 1332(a)(2). In addition, a plaintiff invoking diversity jurisdiction must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000, the

---

[2] The Age Discrimination in Employment Act (ADEA), a federal law protecting older workers, governs the conduct of employers, **Error! Main Document Only.**29 U.S.C. §§ 621-634, and thus is not relevant here.

statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Plaintiff alleges in the complaint that all parties are domiciled in New York. Plaintiff states that Defendants are applying to become naturalized United States Citizens, and she suggests vaguely that there may be "fraud and misrepresentation" in their naturalization applications.[3] (ECF 1 at 11.) Plaintiff also states that "[i]t is not certain if [Defendants] are admitted legally or lawfully."[4] (*Id.* at 3.) These allegations are insufficient to carry Plaintiff's burden of showing that Defendants, who admittedly are also domiciled in New York, are of diverse citizenship because they are "aliens" for purposes of diversity jurisdiction. Plaintiff thus fails to demonstrate that the parties are of diverse citizenship, and the Court cannot exercise diversity jurisdiction of this matter.

## C.    Leave to Replead

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is unclear whether Plaintiff can amend her complaint to allege facts showing subject matter jurisdiction of this action, the Court grants Plaintiff 30 days' leave to amend her complaint. If Plaintiff chooses to file an amended complaint, she must include facts in the amended complaint showing that she

---

[3] Individuals who have been lawful permanent residents of the United States for at least five years are generally eligible to apply for naturalization.

[4] In an exhibit attached to the complaint, Fatima states that she is "a U.S. Citizen and a New Yorker . . . ." (ECF 1 at 85.) In a prior suit in this court, *Nouinou v. Guterres*, No. 20-CV-862 (LLS) (S.D.N.Y.), Fatima alleged that she was a legal permanent resident. *Id.* (Complaint, ECF 1 at 3.)

brings claims arising under federal law, or that the parties have diverse citizenship for purposes of Section 1332.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

### D.    Pro Bono Counsel

Plaintiff has filed an application for the court to request *pro bono* counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because the Court concludes that the federal courts lack subject matter jurisdiction of this action (and it can therefore be prosecuted only in state court), Plaintiff's motion for the court to request *pro bono* counsel is denied.

The Court notes, however, that the City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Plaintiff may wish to contact the SDNY Federal Pro Se Legal Assistance Project before deciding whether to file an amended complaint. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the City Bar Justice Center's intake form. A flyer with details is attached.[5]

---

[5] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

## CONCLUSION

The Court denies Plaintiff's request to seal the complaint and her application for the court to request *pro bono* counsel (ECF 3). Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff 30 days' leave to file an amended complaint. An amended complaint form and a flyer for the CBJC's SDNY Federal Pro Se Legal Assistance Project are attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    January 13, 2025
         New York, New York

        /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
        Chief United States District Judge

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-


_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

_____ (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of

(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                         Middle Initial          Last Name

_____

Street Address

_____

County, City                                    State                    Zip Code

_____          _____

Telephone Number                              Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 4:

_____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                      State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project assists plaintiffs and defendants on a variety of federal legal issues, including, among others, civil rights, employment discrimination, and disability discrimination. The team also assists incarcerated individuals with civil (non-criminal) claims.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 **Interpreting and explaining** federal law and procedure

 **Reviewing drafted pleadings** and correspondence with the Court

 Consulting on **discovery** matters

 Assisting with the **settlement** process (including mediation)

## HOW TO ACCESS OUR SERVICES



For assistance, please complete the **online form** located on our website, https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

If you are not able to complete the form, or you have questions about the form, please **call (212) 382-4794.** Please leave a message and wait for us to call you back.