UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STELLA MAVROGIANNI SIOMKOS,

                 Plaintiff,

         -against-

FATIMAZOHRA NOUINOU; MOHAMED
NOUINOU,

                Defendants.

24-CV-10074 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

       Plaintiff is appearing *pro se* and *in forma pauperis*. By order dated January 13, 2025, Chief Judge Laura Taylor Swain held that the federal court lacked subject matter jurisdiction of Plaintiff's complaint, which asserted claims against a private individual who had allegedly failed to repay a $2,250 loan. Plaintiff was granted leave to replead, insofar as she could allege facts sufficient to invoke the Court's diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff filed an amended complaint (ECF 7) invoking the Court's federal question jurisdiction, and thereafter, on March 4, 2026, this matter was reassigned to my docket. For the reasons set forth in this order, the Court dismisses the action.

## STANDARD OF REVIEW

       The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475, has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from the amended complaint.[1] Plaintiff Stella Siomkos is a United States citizen domiciled in New York City. She brings this action against a married couple, Defendant Fatimazohra Nouinou (Fatima) and her husband, Mohamed Nouinou (Mohamed). Defendant Fatima, like Plaintiff, is alleged to reside in New York City, although Plaintiff notes that Fatima uses "a fraudulent residential address" at 450 Lexington Ave, Unit 4307, New York, NY 10163, that is actually a post office box. (ECF 7 at 1.) Plaintiff states that she "does not know" Mohamed, and she does not include any facts in the amended complaint about where he is domiciled. Nevertheless, Plaintiff "lives in constant fear" due to Defendants' "threats and stalking." (*Id.*)

On June 21, 2023, Plaintiff loaned Fatima $2,250, believing that it was for application fees for Fatima to become a police officer. Fatima acknowledged the loan but later falsely claimed that it had been a gift in order to avoid repaying Plaintiff. When Plaintiff demanded repayment, Fatima allegedly harassed and defamed Plaintiff, and abused legal processes to

---

[1] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

intimidate her, including filing a "fraudulent" New York Supreme Court lawsuit seeking $7,000,000 and a bankruptcy claim demanding $1,000,000. In addition, Fatima allegedly made defamatory statements to Plaintiff's family, professional contacts, and public authorities, portraying Plaintiff as mentally unstable and dishonest; this caused Plaintiff reputational and financial harm.

Plaintiff alleges that Judges Jose Padilla, Malik, and Marcus mishandled Fatima's state court case against her, and she describes problems submitting a packet with 331 pages of evidence to the state court.

Plaintiff includes allegations of Fatima's general wrongdoing, including that she: (1) had falsely claimed that she had worked with the United Nations (UN) for 20 years; (2) made anti-Semitic remarks; (3) attempted to run for New York City Mayor and UN Secretary in order to deceive donors and the public for financial gain; and (4) made false statements to acquire United States citizenship.

Plaintiff brings First Amendment claims, under 42 U.S.C. § 1983, and brings federal claims under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961-1968, the Fair Housing Act, 42 U.S.C. § 3604, and the Elder Justice Act, 42 U.S.C. § 1397. She also asserts claims under state civil and criminal law, such as New York Penal Law § 155.05, Business and Corporations Law § 717, Executive Law § 296, and General Business Law § 349. Plaintiff seeks damages of $500,000 for defamation, harassment, fraud, and malicious prosecution, vacatur of the dismissal of a state court case (CV-008811-23), investigation into Defendants' alleged perjury, immigration fraud, and abuse of the judicial system, and a cease-and-desist order against further harassment from Defendants.

**DISCUSSION**

**A.    Constitutional Violations**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Thus, a Section 1983 claim must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

The only defendants in this action are a married couple who are private parties not alleged to be acting on behalf of any state or other government body. Because Defendants Fatima and Mohamed Nouinou are not state actors, Plaintiff has not stated a claim under Section 1983 against them for violations of her constitutional rights. The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    RICO**

The RICO Act contains a criminal provision, *see* 18 U.S.C. § 1962, and a civil provision, *see* 18 U.S.C. § 1964. To plead a violation of the substantive criminal RICO statute, a plaintiff must allege: (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern"  (4) of "racketeering activity"  (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect

4

interstate or foreign commerce. *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (citing § 1962(a)-[c]). To state a claim for a civil RICO violation, a plaintiff must demonstrate: "(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008); *see also Med. Marijuana, Inc. v. Horn*, 604 U.S. 593, 601-604 (2025).

For purposes of RICO, the term "enterprise" is defined to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The Supreme Court has held that the term applies to a "group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette,* 452 U.S. 576, 583 (1981). For example, where a circle of jockeys joined with a circle of bettors to profit from the illegal fixing of horse races, the Circuit held that this was an enterprise because the two circles came together and "continued to operate with a single, illegal purpose." *See United States v. Errico*, 635 F.2d 152, 156 (2d Cir. 1980).

In support of her RICO claim, Plaintiff alleges that "Defendant [Fatima] solicited donations under false pretenses, violating 18 U.S.C. § 1343 (Wire Fraud), 31 U.S.C. 3729 (False Claims Act), and 18 U.S.C. § 597 (Election Fraud)." (ECF 7 at 3, ¶ 26.) She further alleges that Defendant Fatima engaged in "perjury, false statements (18 U.S.C. § 1001) and illegal acquisition of U.S. citizenship." (*Id.* at ¶ 27.) Finally, Plaintiff alleges that her RICO claim is

based on allegations of fraud, namely, a "systematic scheme of fraudulent fines, financial coercion, and election fraud to maintain control of the board."[2] (*Id.* at 5.)

The amended complaint does not plead facts describing how Defendant Mohamed, independently or jointly with Fatima, violated Plaintiff's rights. Plaintiff states that she "does not know Mohamed," that he, like Fatima, is "also involved in fraudulent legal actions against the plaintiff," and that she "lives in constant fear due to their threats and stalking." (ECF 7 at 1.)

First, the heightened pleading standard required by Federal Rule of Civil Procedure 9(b) "applies to RICO claims for which fraud is the predicate illegal act." *Moore v. PaineWebber*, 189 F.3d 165, 172–73 (2d Cir.1999). "In the RICO context, Rule 9(b) calls for the complaint to 'specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.'" *Id.* at 173 (quoting *McLaughlin v. Anderson*, 962 F.2d 187, 191 (2d Cir. 1992)). Plaintiff alleges that Mohamed and Fatima engaged in fraud but fails to plead these claims with the particularity required by Rule 9(b).

Second, "allegations of frivolous, fraudulent, or baseless litigation activities—without more—cannot constitute a RICO predicate act." *Kim v. Kimm*, 884 F.3d 98, 104 (2d Cir. 2018). In *Kim*, the Circuit agreed with the district court that "[i]f litigation activity were adequate to state a claim under RICO, every unsuccessful lawsuit could spawn a retaliatory action," which "would inundate the federal courts with procedurally complex RICO pleadings." *Id.* Here, the

---

[2] It is unclear if the alleged election fraud relates to Plaintiff's allegation that Fatima "ran for New York City Mayor and UN Secretary," or if this relates to elections for the governing board of Plaintiff's apartment building. Plaintiff does not allege that Defendants reside in or are connected with the governing board of the apartment building where she lives.

only factual allegation against Mohamed is that he was part of a fraudulent lawsuit, which cannot constitute a predicate act for RICO.

Third, the allegations of the amended complaint—that Defendants Fatima and Mohamed were both parties to a "fraudulent" lawsuit against Plaintiff, and that Defendant Fatima engaged in other wrongful conduct—are insufficient to show the existence of a criminal enterprise.[3] Plaintiff does not plead facts sufficient to show that Defendants associated together for a common purpose of engaging in a course of illegal conduct. *See*, *e.g.*, *Ozbakir v. Scotti*, 764 F. Supp. 2d 556, 570 (W.D.N.Y. 2011) (courts refuse to find a RICO violation where the plaintiffs "attempt to transform [a] single scheme of limited duration into a RICO enterprise); *see also Stein v. N.Y. Stair Cushion Co., Inc.*, No. 04-CV-4741, 2006 WL 319300, at *8 (E.D.N.Y. Feb. 10, 2006) (dismissing RICO cause of action where plaintiffs alleged "a single scheme of narrow scope, including one victim and a limited number of related participants"). For all of these and other reasons, Plaintiff's amended complaint fails to state a RICO claim on which relief may be granted, and the Court dismisses this claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Fair Housing Act

The FHA protects against housing discrimination that is based on individual's race, color, religion, sex, familial status, national origin, or disability. *See* 42 U.S.C. § 3604. To state a claim of intentional discrimination under the FHA, a plaintiff must allege facts showing that she is "a member of a protected class," that she "suffered relevant 'adverse' treatment," and she must sustain "a minimal burden of showing facts suggesting an inference of discriminatory

---

[3] Many of Defendant Fatima's alleged misdeeds would not qualify as predicate acts for RICO purposes. *See*, *e.g.*, *Lynch v. Amoruso*, 232 F. Supp. 3d 460, 467 (S.D.N.Y. 2017) ("[P]erjury does not qualify as a 'predicate act'" under RICO).

7

motivation." *Palmer v. Fannie Mae*, 755 F. App'x 43, 45 (2d Cir. 2018) (summary order) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).

Individuals can be proper defendants under the FHA. *See, e.g., Meyer v. Holley*, 537 U.S. 280, 235 (2003) ("The [FHA] . . . focuses on prohibited acts [by "any person," which] . . . includes . . . individuals, corporations, partnerships, associations, labor unions, and other organizations."); *Carpenter v. Churchville Greene Homeowner's Ass'n, Inc.*, No. 09-CV-6552, 2011 WL 710204, at *4 (W.D.N.Y. Feb. 22, 2011) ("[I]ndividuals (including the individual members of the board of directors of a homeowner's association) and agents can be held liable for their own discriminatory acts under the Fair Housing Act."); *Andujar v. Hewitt*, No. 02-CV-2223, 2002 WL 1792065, at *10 (S.D.N.Y. Aug. 2, 2002) ("Aggrieved persons have long been permitted to assert Fair Housing Act claims against individual defendants who engaged in affirmative acts of discrimination or enforced a corporation's discriminatory rules or policies.").

Plaintiff asserts violations of the FHA as a result of "retaliatory actions, unjustified fines, and exclusion from fair housing governance due to challenging board misconduct." (ECF 7 at 5.) Plaintiff has not alleged any facts suggesting that she is a member of a protected class, or any facts that give rise to an inference that Defendants were motivated by discrimination on the basis of such class membership. The parties are not alleged to reside in the same building and Plaintiff does not include particular facts about any role that Defendants played in the governing board of the building where Plaintiff lived. Plaintiff's amended complaint therefore does not state a claim on which relief may be granted for a violation of the FHA, and the Court dismisses these claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.    Elder Justice Act

Plaintiff invokes the Elder Justice Act (EJA), 42 U.S.C. §§ 1397j-1397m, asserting that this federal law protects elderly individuals from financial exploitation and abuse. She states that

she is 71 years old, and that she has "suffered financial coercion through fraudulent fines, harassment, and governance suppression." (ECF 7 at 5.) Plaintiff makes no allegations that Defendants personally did or failed to do anything that violated her rights under the EJA.

The district courts that have considered the issue have uniformly held that the Elder Justice Act of 2009 "do[es] not provide a private cause of action." *Minichino v. Gutierrez*, No. 25-CV-09544, 2025 WL 3643912, at *2 (N.D. Cal. Dec. 16, 2025) (*quoting Drayton-Smith v. Wright*, No. 4:15-CV-1952 (CEJ), 2016 WL 2643357, at *2 (E.D. Mo. May 10, 2016)); *see Razzaghi v. Hancock*, No. 1:24-CV-707, 2025 WL 1331514, at *1 (M.D.N.C. Jan. 3, 2025) (holding that the EJA, "42 U.S.C. § 1397j(8) is a definition section for federal social service programs and grants and does not create a private right of action"), *report and recommendation adopted*, 2025 WL 1331467 (M.D.N.C. Jan. 28, 2025); *Savage v. Baltimore City Comm. Coll.*, No. 1:23-CV-1003, 2024 WL 989383, at *4 (D. Md. Mar. 7, 2024) ("The Elder Justice Act does not create a private cause of action."). Even if there were a private right of action against some individuals or entities under the EJA, Plaintiff has not alleged facts that state a claim on which relief may be granted under this statute, and Court therefore dismisses Plaintiff's EJA claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## E.    State Law Claims

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). Plaintiff has not alleged facts in the amended complaint showing

that the citizenship of the parties is diverse. Plaintiff alleges that both she and Defendant Fatima

are domiciled in New York and does not allege facts about where Fatima's husband Mohamed is

domiciled. Plaintiff bears the burden of demonstrating subject matter jurisdiction, and she fails to

satisfy her burden of pleading facts showing diversity of citizenship.

A district court may decline to exercise supplemental jurisdiction of state law claims

when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed

the federal claims of which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New

York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522

U.S. 156, 173 (1997))).

**F.      Further Leave to Amend**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its

defects, but leave to amend may be denied if the plaintiff has already been given an opportunity

to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*,

514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because

Plaintiff's amended complaint gives no indication that the defects can be cured with a further

amendment, the Court declines to grant Plaintiff another opportunity to amend.

**CONCLUSION**

The Court dismisses Plaintiff's federal claims for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and declines under 28 U.S.C. § 1367(c)(3) to exercise supplemental jurisdiction of Plaintiff's state law claims.

The Court directs the Clerk of Court to enter judgment in this matter.

SO ORDERED.

Dated:  March 9, 2026
        New York, New York

_____
        Louis L. Stanton
        U.S.D.J.

11